Samuel A. Schwartz, Esq.
Nevada Bar No. 10985
Bryan A. Lindsey, Esq.
Nevada Bar No. 10662
The Schwartz Law Firm, Inc.
626 South Third Street
Las Vegas, Nevada 89101
Telephone: (702) 385-5544
Facsimile: (702) 385-2741
Attorneys for the Debtor

**UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| In re: | CASE NO.: 09-26633-BAM |
| | Chapter 11 |
| Anthony Mosley | |
| | Hearing Date: ~~January 26~~February 2, 2010 |
| | Hearing Time: 9:00 a.m. |
| Debtor. | |

**~~FIRST~~SECOND AMENDED PLAN OF REORGANIZATION OF ANTHONY MOSLEY**

ARTICLE I - SUMMARY

This ~~First~~Second Amended Plan of Reorganization (the "**Plan**") under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101, *et seq*. (the "**Bankruptcy Code**") proposes to pay creditors of Anthony Mosley, the above-captioned debtor and Debtor-in-possession (the "**Debtor**") from the reorganization of their residential property and secured debt.

This Plan provides for ~~1~~2 classes of secured claims; and 3 classes of unsecured claims. Unsecured creditors holding allowed claims will receive distributions, which the Debtor has valued at approximately 10% of each creditor's allowed claim. This Plan also provides for the payment of administrative and priority claims in full on the effective date of this Plan, or as agreed by the holder of such administrative or priority claim.

All creditors should refer to Articles II through IV of this Plan for information regarding the precise treatment of their claims. A Second Amended Disclosure Statement (the "**Disclosure Statement**") that provides more detailed information regarding this Plan and the rights of creditors was circulated with this Plan. Your rights may be affected. You should read these papers carefully and discuss them with your attorney. If you do not have an attorney, you may wish to consult one.

ARTICLE II - CLASSIFICATION AND TREATMENT OF CLAIMS

This Plan constitutes the Chapter 11 plan of reorganization of the Debtor. All Claims against the Debtor are placed in classes (each a "**Class**") as designated by Classes 1 through 54. In accordance with section 1123(a)(1) of the Bankruptcy Code, the Debtor has not classified Administrative Claims and Priority Tax Claims.

The categories of Claims (as defined in the Bankruptcy Code, listed below classify Claims for all purposes, including, without limitation, voting, confirmation and distribution pursuant to this Plan sections 1122 and 1123(a)(1) of the Bankruptcy Code. The Plan deems a Claim to be classified in a particular Class only to the extent that the Claim qualifies within the description of that Class and shall be deemed classified in a different Class to the extent that any remainder of such Claim qualifies within the description of such different Class. A Claim is in a particular Class only to the extent that any such Claim is allowed in that Class and has not been paid or otherwise settled prior to the effective date of the Plan as determined in paragraph 6.02 below.

**Classification of Claims**

2.01 Class 1(a) –Secured Claim of American Home Mortgage Service

(a) *Classification*: Class 1(a) consists of the American Home Mortgage Service against the Debtor's property located at 1845 Fairhaven Street, Las Vegas, Nevada, which is secured by a lien against the Debtor's residential property, loan number 6474000905671.

(b) *Treatment*: The holder of the allowed Class 1(a) Secured Claim shall be unimpaired and paid in full in accordance with the terms of its related note and mortgage.

(c) *Voting*: Class 1(a) is an unimpaired class, and the holder of the Class 1(a) claim is conclusively deemed to have accepted the Plan pursuant to section 1126(f) of the Bankruptcy Code. Therefore, the holder of the Class 1(a) claim is not entitled to vote to accept or reject the Plan.

Class 1(bi) –Secured Claim of Select Portfolio Servicing

(a) *Classification*: Class 1(bi) consists of the Secured Claim of Select Portfolio Servicing against the Debtor's residential property located at 4301 Cory Place, North Las Vegas, loan number 2770008269276.

(b) *Treatment*: The holder of the allowed Class 1(bi) Secured Claim shall be unimpaired and paid in full in accordance with the terms of its note and mortgage and the creditor's election under 1111(b) of the Bankruptcy Code. ~~related security agreement.~~

(c) *Valuation*: The Class 1(i) Secured Claim shall be revalued on the effective date of this Plan, pursuant to sections 1123 and 506 of the Bankruptcy Code, in accordance with the appraised value of the vehicle as set forth on **Exhibit 1** of the Plan. The confirmation order approving the plan shall set forth the values of each secured creditors first lien claim as of the effective date of the Plan.

(d)(c) *Unsecured Portion of the Claim*: Any amount of a Class 1(i) claim that is deemed to be unsecured in accordance with section (c) above shall be afforded the treatment set forth in Class 4 below.

(e) *Voting*: Class 1(bi) is an unimpaired class, and the holder of the Class 1(bi) claim is conclusively deemed to have accepted the Plan pursuant to section 1126(f) of the Bankruptcy Code. Therefore, the holder of the Class 1(bi) claim is not entitled to vote to accept or reject the Plan.

*2.02* Class 12(a) –Secured Claim of AMC Mortgage Services

(f)(a) *Classification*: Class 21(a) consists of the Secured Claim of AMC Mortgage ServicesAmericas Servicing Company against the Debtor's property located at 845 Hassel Avenue, Las Vegas, Nevada, which is secured by a lien against the Debtor's residential property, loan number 105752950.

(g)(b) *Treatment*: The holder of the allowed Class 21(a) Secured Claim shall be unimpaired and paid in fullthe allowed amount of its claim as set forth on **Exhibit 1** attached hereto in accordance with the terms of its related note and mortgage.

(h)(c) *Valuation*: The Class 21(a) Secured Claim shall be revalued on the effective date of this Plan, pursuant to sections 1123 and 506 of the Bankruptcy Code, in accordance with the appraised value of such properties as set forth on **Exhibit 1** of the Plan. The confirmation order approving the plan shall set forth the values of each secured creditors first lien claim as of the effective date of the Plan.

(i)(d) *Unsecured Portion of the Claim*: Any amount of a Class 21(a) claim that is deemed to be unsecured in accordance with section (c) above shall be afforded the treatment set forth in Class 54 below.

(j)(e) *Voting*: Class 2(a) is an impaired class, and the holder of the Class 2(a) claim is entitled to vote to accept or reject the Plan. Class 1(a) is an unimpaired class, and the holder of the Class 1(a) claim is conclusively deemed to have accepted the Plan pursuant to section 1126(f) of the Bankruptcy Code. Therefore, the holder of the Class 1(a) claim is not entitled to vote to accept or reject the Plan.

Formatted: Font: Italic

Formatted: Font: 12 pt

Formatted: Outline numbered + Level: 4 + Numbering Style: a, b, c, ... + Start at: 1 + Alignment: Left + Aligned at: 1" + Tab after: 1.5" + Indent at: 1.5"

Formatted: Font: 12 pt

Formatted: No underline

Formatted: Font: 12 pt

Formatted: Font: Bold, No underline

Class 1(b) Secured Claim of American Home Mortgage Service

(a) *Classification*: Class 1(b) consists of the Secured Claim of Clark County Credit Union against the Debtor's property located at 1845 Fairhaven Street, Las Vegas, Nevada, which is secured by a lien against the Debtor's residential property, loan number 6474000905671.

(b) *Treatment*: The holder of the allowed Class 1(b) Secured Claim shall be unimpaired and paid in full in accordance with the terms of its related note and mortgage.

(c) *Valuation*: The Class 1(b) Secured Claim shall be revalued on the effective date of this Plan, pursuant to sections 1123 and 506 of the Bankruptcy Code, in accordance with the appraised value of such properties as set forth on **Exhibit 1** of the Plan. The confirmation order approving the plan shall set forth the values of each secured creditors first lien claim as of the effective date of the Plan.

(d) *Unsecured Portion of the Claim*: Any amount of a Class 1(b) claim that is deemed to be unsecured in accordance with section (c) above shall be afforded the treatment set forth in Class 4 below.

(e) *Voting*: Class 1(b) is an unimpaired class, and the holder of the Class 1(b) claim is conclusively deemed to have accepted the Plan pursuant to section 1126(f) of the Bankruptcy Code. Therefore, the holder of the Class 1(b) claim is not entitled to vote to accept or reject the Plan.

Class 21(bc) –Secured Claim of Countrywide Home Loans

(a) *Classification*: Class 2(b)1(c) consists of the Secured Claim of Countrywide Home Loans against the Debtor's property located at 2015 Engelstad Street, Las Vegas, Nevada, which is secured by a lien against the Debtor's residential property, loan number 10491610.

(b) *Treatment*: The holder of the allowed Class 2(b)1(c) Secured Claim shall be unimpaired and paid in fullthe allowed amount of its claim as set forth on **Exhibit 1** attached hereto in accordance with the terms of its related note and mortgage.

Formatted: Font: Bold, No underline

(c) *Valuation*: The Class 2(b)1(c) Secured Claim shall be revalued on the effective date of this Plan, pursuant to sections 1123 and 506 of the Bankruptcy Code, in accordance with the appraised value of such properties as set forth on **Exhibit 1** of the Plan. The confirmation order approving the plan shall set forth the values of each secured creditors first lien claim as of the effective date of the Plan.

(d) *Unsecured Portion of the Claim*: Any amount of a Class 2(b)1(c) claim that is deemed to be unsecured in accordance with section (c) above shall be afforded the treatment set forth in Class 54 below.

(e) *Voting*: Class 2(b) is an impaired class, and the holder of the Class 2(b) claim is entitled to vote to accept or reject the Plan. Class 1(c) is an unimpaired class, and the holder of the Class 1(c) claim is conclusively deemed to have accepted the Plan pursuant to section 1126(f) of the Bankruptcy Code. Therefore, the holder of the Class 1(c) claim is not entitled to vote to accept or reject the Plan.

Class 2(c)1(d) –Secured Claim of Countrywide Home Loans

(a) *Classification*: Class 2(c)1(d) consists of the Secured Claim of Countrywide Home Loans against the Debtor's property located at 2220 Revere Street, Las Vegas, Nevada, which is secured by a lien against the Debtor's residential property, loan number 104725248.

(b) *Treatment*: The holder of the allowed Class 2(c)1(d) Secured Claim shall be unimpaired and paid in fullthe allowed amount of its claim as set forth on **Exhibit 1** attached hereto in accordance with the terms of its related note and mortgage.

Formatted: Font: Bold, No underline

(c) *Valuation*: The Class 2(c)1(d) Secured Claim shall be revalued on the effective date of this Plan, pursuant to sections 1123 and 506 of the Bankruptcy Code, in accordance with the appraised value of such properties as set forth on **Exhibit 1** of the Plan. The confirmation order approving the plan shall set forth the values of each secured creditors first lien claim as of the effective date of the Plan.

(d) *Unsecured Portion of the Claim*: Any amount of a Class 2(c)1(d) claim that is deemed to be unsecured in accordance with section (c) above shall be afforded the treatment set forth in Class 54 below.

(e) *Voting*: Class 2(c) is an impaired class, and the holder of the Class 2(c) claim is entitled to vote to accept or reject the Plan. Class 1(d) is an unimpaired class, and the holder of the Class 1(d) claim is conclusively deemed to have accepted the Plan pursuant to section 1126(f) of the Bankruptcy Code. Therefore, the holder of the Class 1(d) claim is not entitled to vote to accept or reject the Plan.

Class 2(d)1(e) –Secured Claim of EMC Mortgage Servicing

(a) *Classification*: Class 2(d)1(e) consists of the Secured Claim of Countrywide Home Loans against the Debtor's property located at 5170 Smoke Ranch Drive, Las Vegas, Nevada, which is secured by a lien against the Debtor's residential property, loan number 5890015726656.

(b) *Treatment*: The holder of the allowed Class 2(d)1(e) Secured Claim shall be unimpaired and paid in fullthe allowed amount of its claim as set forth on **Exhibit 1** attached hereto in accordance with the terms of its related note and mortgage.

Formatted: Font: Bold, No underline

(c) *Valuation*: The Class 2(d)1(e) Secured Claim shall be revalued on the effective date of this Plan, pursuant to sections 1123 and 506 of the Bankruptcy Code, in accordance with the appraised value of such properties as set forth on **Exhibit 1** of the Plan. The confirmation order approving the plan shall set forth the values of each secured creditors first lien claim as of the effective date of the Plan.

(d) *Unsecured Portion of the Claim*: Any amount of a Class 2(d)1(e) claim that is deemed to be unsecured in accordance with section (c) above shall be afforded the treatment set forth in Class 54 below.

(e) *Voting*: Class 2(d) is an impaired class, and the holder of the Class 2(d) claim is entitled to vote to accept or reject the Plan. Class 1(e) is an unimpaired class, and the holder of the Class 1(e) claim is conclusively deemed to have accepted the Plan pursuant to section 1126(f) of the Bankruptcy Code. Therefore, the holder of the Class 1(e) claim is not entitled to vote to accept or reject the Plan.

Class 2(e)1(f) –Secured Claim of Litton Loan Servicing

(a) *Classification*: Class 2(e)1(f) consists of the Secured Claim of Countrywide Home Loans against the Debtor's property located at 5925 Jerry Drive, Las Vegas, Nevada, which is secured by a lien against the Debtor's residential property, loan number 13907688.

(b) *Treatment*: The holder of the allowed Class 2(e)1(f) Secured Claim shall be unimpaired and paid in fullthe allowed amount of its claim as set forth on **Exhibit 1** attached hereto in accordance with the terms of its related note and mortgage.

Formatted: Font: Bold, No underline

(c) *Valuation*: The Class 2(e)1(f) Secured Claim shall be revalued on the effective date of this Plan, pursuant to sections 1123 and 506 of the Bankruptcy Code, in accordance with the appraised value of such properties as set forth on **Exhibit 1** of the Plan. The confirmation order approving the plan shall set forth the values of each secured creditors first lien claim as of the effective date of the Plan.

(d) *Unsecured Portion of the Claim*: Any amount of a Class 2(e)1(f) claim that is deemed to be unsecured in accordance with section (c) above shall be afforded the treatment set forth in Class 54 below.

(e) *Voting*: Class 2(e) is an impaired class, and the holder of the Class 2(e) claim is entitled to vote to accept or reject the Plan. Class 1(f) is an

unimpaired class, and the holder of the Class 1(f) claim is conclusively deemed to have accepted the Plan pursuant to section 1126(f) of the Bankruptcy Code. Therefore, the holder of the Class 1(f) claim is not entitled to vote to accept or reject the Plan.

Class 2(f)1(g) –Secured Claim of Ocwen Loan Servicing

(a) *Classification*: Class 2(f)1(g) consists of the Secured Claim of Countrywide Home Loans against the Debtor's property located at 1824 Leonard Lane, Las Vegas, Nevada, which is secured by a lien against the Debtor's residential property, loan number 40794802.

(b) *Treatment*: The holder of the allowed Class 2(f)1(g) Secured Claim shall be unimpaired and paid in fullthe allowed amount of its claim as set forth on **Exhibit 1** attached hereto in accordance with the terms of its related note and mortgage.

Formatted: Font: Bold, No underline

(c) *Valuation*: The Class 2(f)1(g) Secured Claim shall be revalued on the effective date of this Plan, pursuant to sections 1123 and 506 of the Bankruptcy Code, in accordance with the appraised value of such properties as set forth on **Exhibit 1** of the Plan. The confirmation order approving the plan shall set forth the values of each secured creditors first lien claim as of the effective date of the Plan.

(d) *Unsecured Portion of the Claim*: Any amount of a Class 2(f)1(g) claim that is deemed to be unsecured in accordance with section (c) above shall be afforded the treatment set forth in Class 54 below.

(e) *Voting*: Class 2(f) is an impaired class, and the holder of the Class 2(f) claim is entitled to vote to accept or reject the Plan. Class 1(g) is an unimpaired class, and the holder of the Class 1(g) claim is conclusively deemed to have accepted the Plan pursuant to section 1126(f) of the Bankruptcy Code. Therefore, the holder of the Class 1(g) claim is not entitled to vote to accept or reject the Plan.

Class 2(g)1(h) –Secured Claim of Ocwen Loan Servicing

(a) *Classification*: Class 2(g)1(h) consists of the Secured Claim of EMC Mortgage against the Debtor's property located at 2128 Revere Street, Las Vegas, Nevada, which is secured by a lien against the Debtor's residential property, loan number 40793556.

(b) *Treatment*: The holder of the allowed Class 2(g)1(h) Secured Claim shall be unimpaired and paid in fullthe allowed amount of its claim as set forth on **Exhibit 1** attached hereto in accordance with the terms of its related note and mortgage.

Formatted: Font: Bold, No underline

(c) *Valuation*: The Class 2(g)1(h) Secured Claim shall be revalued on the effective date of this Plan, pursuant to sections 1123 and 506 of the Bankruptcy Code, in accordance with the appraised value of such properties as set forth on **Exhibit 1** of the Plan. The confirmation order approving the plan shall set forth the values of each secured creditors first lien claim as of the effective date of the Plan.

(d) *Unsecured Portion of the Claim*: Any amount of a Class 2(g)1(h) claim that is deemed to be unsecured in accordance with section (c) above shall be afforded the treatment set forth in Class 54 below.

(e) *Voting*: Class 2(g) is an impaired class, and the holder of the Class 2(g) claim is entitled to vote to accept or reject the Plan. Class 1(h) is an unimpaired class, and the holder of the Class 1(h) claim is conclusively deemed to have accepted the Plan pursuant to section 1126(f) of the Bankruptcy Code. Therefore, the holder of the Class 1(h) claim is not entitled to vote to accept or reject the Plan.

Class 1(i) –Secured Claim of Select Portfolio Servicing

(f) *Classification*: Class 1(i) consists of the Secured Claim of Select Portfolio Servicing against the Debtor's residential property located at 4301 Cory Place, North Las Vegas, loan number 2770008269276.

(g) *Treatment*: The holder of the allowed Class 1(i) Secured Claim shall be unimpaired and paid in full in accordance with the terms of its related security agreement.

(h) *Valuation*: The Class 1(i) Secured Claim shall be revalued on the effective date of this Plan, pursuant to sections 1123 and 506 of the Bankruptcy Code, in accordance with the appraised value of the vehicle as set forth on **Exhibit 1** of the Plan. The confirmation order approving the plan shall set forth the values of each secured creditors first lien claim as of the effective date of the Plan.

(i) *Unsecured Portion of the Claim*: Any amount of a Class 1(i) claim that is deemed to be unsecured in accordance with section (c) above shall be afforded the treatment set forth in Class 4 below.

(j) *Voting*: Class 1(i) is an unimpaired class, and the holder of the Class 1(i) claim is conclusively deemed to have accepted the Plan pursuant to section 1126(f) of the Bankruptcy Code. Therefore, the holder of the Class 1(i) claim is not entitled to vote to accept or reject the Plan.

Class 2(h)1(j) –Secured Claim of SN Servicing Corporation

(a) *Classification*: Class 2(h)1(j) consists of the SN Servicing Corporation against the Debtor's residential property located at 851 Hassel Avenue,

loan number 105684914, and which is subject to a stipulation among the parties filed in the case.

(b) *Treatment*: The holder of the allowed Class 2(h)~~1(j)~~ Secured Claim shall be ~~un~~impaired and paid ~~in full~~the allowed amount of its claim as set forth on **Exhibit 1** attached hereto in accordance with the terms of its related security agreement and stipulation.

**Formatted:** Font: Bold, No underline

(c) *Valuation*: The Class 2(h)~~1(j)~~ Secured Claim shall be revalued on the effective date of this Plan, pursuant to sections 1123 and 506 of the Bankruptcy Code, in accordance with the appraised value of the vehicle as set forth on **Exhibit 1** of the Plan. The confirmation order approving the plan shall set forth the values of each secured creditors first lien claim as of the effective date of the Plan.

(d) *Unsecured Portion of the Claim*: Any amount of a Class 2(h)~~1(j)~~ claim that is deemed to be unsecured in accordance with section (c) above shall be afforded the treatment set forth in Class 5~~4~~ below.

(e) *Voting*: Class 2(h) is an impaired claim, and the holder of the Class 2(h) claim is entitled to vote to accept or reject the Plan. ~~Class 1(j) is an unimpaired class, and the holder of the Class 1(j) claim is conclusively deemed to have accepted the Plan pursuant to section 1126(f) of the Bankruptcy Code. Therefore, the holder of the Class 1(i) claim is not entitled to vote to accept or reject the Plan.~~

Class 2(i)~~1(k)~~ –Secured Claim of Washington Federal Savings

(a) *Classification*: Class 2(i)~~1(j)~~ consists of the Washington Federal Savings against the Debtor's residential property located at 5904 Jerry Drive, loan number 3167228.

(b) *Treatment*: The holder of the allowed Class 2(i)~~1(j)~~ Secured Claim shall be ~~un~~impaired and paid ~~in full~~the allowed amount of its claim as set forth on **Exhibit 1** attached hereto in accordance with the terms of its related security agreement.

**Formatted:** Font: Bold, No underline

(c) *Valuation*: The Class 2(i)~~1(j)~~ Secured Claim shall be revalued on the effective date of this Plan, pursuant to sections 1123 and 506 of the Bankruptcy Code, in accordance with the appraised value of the vehicle as set forth on **Exhibit 1** of the Plan. The confirmation order approving the plan shall set forth the values of each secured creditors first lien claim as of the effective date of the Plan.

(d) *Unsecured Portion of the Claim*: Any amount of a Class 2(i)~~1(j)~~ claim that is deemed to be unsecured in accordance with section (c) above shall be afforded the treatment set forth in Class 5~~4~~ below.

(e) *Voting*: Class 2(i) is an impaired class, and the holder of the Class 2(i) claim is entitled to vote to accept or reject the Plan. ~~Class 1(j) is an unimpaired class, and the holder of the Class 1(j) claim is conclusively deemed to have accepted the Plan pursuant to section 1126(f) of the Bankruptcy Code. Therefore, the holder of the Class 1(i) claim is not entitled to vote to accept or reject the Plan.~~

2.032 Class 32 – Priority Claims

(a) *Classification*: Class 32 consists of the Priority Claims against the Debtor.

(b) *Treatment*: The legal, equitable and contractual rights of the holders of allowed Class 32 Claims are unaltered. Except to the extent that a holder of an allowed Class 1 or Class 2 claim has been paid by the Debtor prior to the effective date of this Plan or otherwise agrees to different treatment, each holder of an allowed Class 32 Claim shall receive, in full and final satisfaction of such allowed Class 32 claim, payment in full in cash on or as soon as reasonably practicable after (i) the effective date of the Plan, (ii) the date such allowed Class 32 claim becomes allowed or (iii) such other date as may be ordered by the Bankruptcy Court.

(c) *Voting*: Class 32 is an unimpaired Class, and is deemed to have accepted the Plan pursuant to section 1126(f) of the Bankruptcy Code. Therefore, the holders of Class 32 claims are not entitled to vote to accept or reject the Plan.

2.04 Class 43 – Convenience Claims

(a) *Classification:* Class 43 consists of Convenience Claims against the Debtor in accordance with section 1122(b) of the Bankruptcy Code.

(b) *Treatment:* The legal, equitable and contractual rights of the holders of allowed Class 43 claims are unaltered. Except to the extent that a holder of an allowed Class 43 claim has been paid by the Debtor prior to the effective date of this Plan or otherwise agrees to different treatment, each holder of an allowed Class 43 claim shall receive, in full and final satisfaction of such allowed Class 43 claim, payment in full in cash on or as soon as reasonably practicable after (i) the effective date of the Plan, (ii) the date such allowed Class 43 claim becomes allowed or (iii) such other date as may be ordered by the Bankruptcy Court.

(c) *Voting:* Class 43 is an unimpaired class, and the holders of Class 43 claims are conclusively deemed to have accepted the Plan pursuant to section 1126(f) of the Bankruptcy Code. Therefore, the holders of Class 43 claims are not entitled to vote to accept or reject the Plan.

2.054 Class 54 - General Unsecured Claims

(a) *Classification:* Class 54 consists of General Unsecured Claims against the Debtor, which includes the unsecured portion of the Debtor's first and second lien holders.

(b) *Treatment:* Holders of allowed General Unsecured Claims shall receive, in full and final satisfaction of such allowed Class 54 claims, their pro rata share of the Debtor's monthly plan payments, which the Debtor estimates to be 10% of such creditor's claim.

(c) *Voting:* Class 54 is an impaired Class, and holders of Class 54 claims are entitled to vote to accept or reject the Plan.

ARTICLE III

TREATMENT OF ADMINISTRATIVE EXPENSE CLAIMS.
U.S. TRUSTEES FEES AND PRIORITY TAX CLAIMS

3.01 Unclassified Claims. In accordance with section 1123(a)(1) of the Bankruptcy Code, administrative expense claims, and priority tax claims are not in classes.

3.02 Administrative Expense Claims. Each holder of an administrative expense claim allowed under Section 503 of the Bankruptcy Code will be paid in full on the effective date of this Plan, in cash, or upon such other terms as may be agreed upon by the holder of the claim and the Debtor.

3.03 Priority Tax Claims. Each holder of a priority tax claim will be paid in full on the effective date of this Plan, or with respect to the Internal Revenue Service, as agreed upon among the parties.

3.04 United States Trustee Fees. All fees required to be paid by 28 U.S.C. § 1930 will accrue and be timely paid until the case is closed, dismissed, or converted to another chapter of the Code. Any U.S. Trustee Fees owed on or before the effective date of this Plan will be paid on the effective date.

ARTICLE IV
PROVISIONS FOR EXECUTORY CONTRACTS, AND UNEXPIRED LEASES AND THE ABANDONMENT OF REAL PROPERTY

4.01 Assumed Executory Contracts and Unexpired Leases.

(a) The Debtor shall assume, on the effective date of this Plan, the executory contracts and unexpired leases listed on **Exhibit 2** attached hereto. Listed on **Exhibit 2** is also the Debtor's estimated cure amount, if any, necessary to assume such contract in accordance with Section 365 of the Bankruptcy Code.

(b) The Debtor will be conclusively deemed to have rejected all executory contracts and/or unexpired leases not expressly assumed under section 4.01(a) above. A proof of a claim arising from the rejection of an executory contract or unexpired lease under this section must be filed no later than thirty (30) days after the date of the order confirming this Plan.

(c) The confirmation order shall constitute an order of the Bankruptcy Court approving such assumptions pursuant to sections 365 and 1123 of the Bankruptcy Code as of the effective date of this Plan. The Debtor reserves the right to amend **Exhibit 2** at any time before the effective date.

(d) Any objection by a party to an executory contract or unexpired lease to the Debtor's proposed assumption or any related cure amount set forth on **Exhibit 2** must be filed, served and actually received by the Debtor at least five (5) days prior to the confirmation hearing of this Plan. Any party to an executory contract or unexpired lease that fails to object timely to the proposed cure amount will be deemed to have consented to such assignment of its executory contract or unexpired lease. The confirmation order shall constitute an order of the Bankruptcy Court approving any proposed assignments of executory contracts or unexpired leases pursuant to sections 365 and 1123 of the Bankruptcy Code as of the Effective Date.

(e) In the event of a dispute regarding (i) the amount of any cure payment, (ii) the ability of the Debtor to provide "adequate assurance of future performance" (within the meaning of section 365 of the Bankruptcy Code) under the executory contract or unexpired lease to be assigned or (iii) any other matter pertaining to assignment, the applicable cure payments required by section 365(b)(1) of the Bankruptcy Code shall be made following the entry of a final order or orders resolving the dispute and approving the assumption. If an objection to a cure amount is sustained by the Bankruptcy Court, the Debtor at their sole option, may elect to reject such executory contract or unexpired lease in lieu of assuming and assigning it.

4.02 Disposition of Land. Pursuant to 554 of the Bankruptcy Code, the Debtor may abandon his real property parcel located at 4301 Cory Place, North Las Vegas, Nevada subject to approval of the Bankruptcy Court in accordance with the confirmation hearing. Therefore, the order confirming the Plan will constitute the Bankruptcy Court's finding and determination that the abandonment of the 4301 Cory Place property is (1) in the best interests of the Debtors, their estates and parties in interest, (2) fair, equitable and reasonable, (3) made in good faith and (4) approved pursuant to section 554 of the Bankruptcy Code and Bankruptcy Rule 9019.

ARTICLE V - MEANS FOR IMPLEMENTATION OF THE PLAN

5.01 Source of Payments. Payments and distributions under the Plan will be funded by the Debtor, based upon their (a) projected monthly rental income and (b) personal income. The Liquidation Analysis attached the Disclosure Statement as **Exhibit C**, outlines the Debtor's sources and uses of income. The Debtor's monthly Plan payment shall be one thousand five hundred dollars ($1,500.00).

5.02 Method of Plan Payments

(a) On or about the effective date of the Plan, the Debtor shall retain Cynthia Bitaut of Langlands and Grossa, LLP, 2655 Box Canyon Drive #190, Las Vegas, Nevada 89128 as their disbursement agent (the "**Disbursement Agent**"). Except as otherwise provided in the Plan, upon the first full month after the entry of the order confirming the Plan, the Debtor shall begin making monthly distributions to the Disbursement Agent under the Plan. The Disbursement Agent shall begin, as soon as practical, making pro rata payments to the Debtor's unsecured creditors holding allowed claims, on a quarterly basis, until such claims are paid as set forth in the Plan.

(b) Except as otherwise provided in the Plan, or upon the entry of a final, non-appealable order of the Bankruptcy Court, or as agreed to by the relevant parties, distributions under the Plan on account of a disputed claim that becomes an allowed claim after the effective date of the Plan shall be begin on the regular quarterly payment date, as established by the Disbursement Agent, which is at least thirty (30) days after such claim becomes an allowed claim.

(c) Notwithstanding anything in the Plan to the contrary, and except as otherwise agreed to by the relevant parties, no partial payments and no partial distributions shall be made with respect to a disputed claim until all such disputes in connection with such disputed claim have been resolved by settlement among the parties or a final order of the Bankruptcy Court. In the event that there are disputed claims requiring adjudication and resolution, the Disbursement Agent shall establish appropriate reserves for potential payment of such Claims.

(d) In no event, however, shall the Disbursement Agent be held liable for any failures of the Debtor to make any of their payments required under the Plan. If any holders of allowed claims against the Debtor's estate fail to receive payment in accordance with the Plan, the Bankruptcy Court shall retain jurisdiction to hear and determine all matters related to the implementation of this Plan and the payments required hereunder.

(e) The Disbursement Agent shall be authorized to retain attorneys, if necessary, to object to proofs of claim, pay administrative expenses and collect a reasonable fee for administering the Debtor's post-confirmation estate from the Debtor's plan payments.

5.03 <u>The Holding Company</u>. On or after the effective date of the Plan, the Debtor shall transfer title to their properties to a Nevada limited liability company (the "**Holding Company**"), for liability purposes. The transfer shall not limit the Debtor's personal liability to their Class 1 creditors or their obligations to make payments under this Plan.

5.04 <u>Post-confirmation Management</u>. The Debtor will manage their properties post-petition in the ordinary course. They will be authorized to enter into, terminate and renew lease agreements as they see fit. Such activities will include retaining management companies to aid in the renting of their property, drafting and serving eviction notices, negotiating loan modifications or refinancing their properties, repairing the properties and maintaining a reserve account of up to one month's mortgage payments, or $10,000.00, whichever is greater. In addition, the Debtor will be authorized to transfer the properties to the Holding Company to limit their liability from claims arising from their rental business (such as injuries occurring at the homes) after the date of confirmation.

ARTICLE VI
GENERAL PROVISIONS

6.01 Definitions and Rules of Construction. The definitions and rules of construction set forth in Sections 101 and 102 of the Bankruptcy Code shall apply when terms defined or construed in the Bankruptcy Code are used in this Plan.

6.02 Effective Date of Plan. The effective date of this Plan is the eleventh business day following the date of the entry of the confirmation order. But if a stay of the confirmation order is in effect on that date, the effective date will be the first business day after that date on which no stay of the confirmation order is in effect, provided that the confirmation order has not been vacated.

6.03 Modification of Plan.

The Debtor may modify the Plan at any time before confirmation of the Plan. The Court, however, may require a new Disclosure Statement and/or re-voting on the Plan. The Debtor may also seek to modify the Plan at any time after confirmation only if (A) the Plan has not been substantially consummated and (B) the Court authorizes the proposed modifications after notice and a hearing.

Upon request of the Debtor, the Plan may be modified at any time after confirmation of the Plan, but before the completion of payments under the Plan, to (1) increase or reduce the amount of payments under the Plan on claims of a particular class, (2) extend or reduce the time period for such payments, or (3) alter the amount of distribution to a creditor whose claim is provided for by the Plan to the extent necessary to take on accounting of any payment of a claim made other than under the Plan.

Effective as of the date hereof and subject to the limitations and rights contained in the Plan: (a) the Debtor reserve the right, in accordance with the Bankruptcy Code and the Bankruptcy Rules, to amend or modify the Plan prior to the entry of the confirmation order; and (b) after the entry of the confirmation order, the Debtor may, upon order of the Bankruptcy Court, amend or modify the Plan, in accordance with section 1127(b) of the Bankruptcy Code or remedy any defect or omission or reconcile any inconsistency in the Plan in such manner as may be necessary to carry out the purpose and intent of the Plan; provided, however, that any modification to the Plan shall not affect the rights or treatment of holders of unsecured claims.

6.04 Final Decree**.** Once the estate has been fully administered, as provided in Rule 3022 of the Federal Rules of bankruptcy Procedure, the Debtor, or such other party as the Court shall designate in the Plan confirmation order, shall file a motion with the Court to obtain a final decree to close the case. Alternatively, the Court may enter such a final decree on its own motion.

6.05 Vesting of Assets in the Reorganized Debtor and the Holding Company**.** After confirmation of the Plan, all property of the Debtor shall vest in the reorganized Debtor and the Holding Company, free and clear of all liens, claims, charges or other encumbrances, except those enumerated in the order approving the Motion to Value and the confirmation order. The

reorganized Debtor may operate their business and may use, acquire or dispose of property and compromise or settle any claims without supervision or approval by the Bankruptcy Court and free of any restrictions of the Bankruptcy Code or Bankruptcy Rules, other than those restrictions expressly imposed by the Plan and the confirmation order. Without limiting the foregoing, the Debtor shall pay the charges that they incur after confirmation for professionals' fees, disbursements, expenses or related support services (including reasonable fees relating to the preparation of professional fee applications) without application to the Bankruptcy Court.

6.06     Release of Liens, Claims and Equity Interests.  Except as otherwise provided herein or in the following sentence or in any contract, instrument, release or other agreement or document entered into or delivered in connection with the Plan, upon confirmation, all liens, claims, mortgages, deeds of trust, or other security interests against the property of the Debtor's estate shall be fully released and discharged.  The existing liens and lien rights of those lenders holding claims in Class 1 and Class 2 are expressly preserved under the Plan, and their existing liens shall ride through and remain attached to any and all underlying collateral in any transfer of property expressly set forth in, or contemplated by, the Plan.  To the extent any provision in this Plan or the Confirmation Order can be read to contradict the express preservation of lien rights in this provision, this provision controls.

6.07     Certificate of Incorporation and Bylaws.  The articles of organization and bylaws (or other formation documents) of the Holding Company shall be amended as may be required to be consistent with the provisions of the Plan and the Bankruptcy Code or as otherwise required by, and in a form reasonably acceptable to, the Debtor.  On or as soon as reasonably practicable after confirmation of the Plan, the reorganized Debtor shall file a new certificate of organization with the Nevada secretary of state, as required by section 1123(a)(6) of the Bankruptcy Code.

6.08     Effectuating Documents; Further Transactions.  The Debtor may take all actions to execute, deliver, file or record such contracts, instruments, releases and other agreements or documents and take such actions as may be necessary or appropriate to effectuate and implement the provisions of the Plan.

6.09     Exemption from Certain Transfer Taxes.  Pursuant to section 1146(a) of the Bankruptcy Code, any transfers of property pursuant to the Plan shall not be subject to any stamp tax or other similar tax or governmental assessment in the United States, and the confirmation order shall direct the appropriate state or local governmental officials or agents to forgo the collection of any such tax or governmental assessment and to accept for filing and recordation instruments or other documents pursuant to such transfers of property without the payment of any such tax or governmental assessment.

6.10     Revocation of Plan.  The Debtor reserves the right to revoke or withdraw the Plan prior to the confirmation hearing and to file subsequent Chapter 11 plans.  If the Debtor revoke or withdraw the Plan, or if confirmation does not occur, then: (1) the Plan shall be null and void in all respects; (2) any settlement or compromise embodied in the Plan, assumption or rejection of Executory Contracts or Unexpired Leases effected by the Plan and any document or agreement executed pursuant hereto shall be deemed null and void except as may be set forth in a separate order entered by the Court; and (3) nothing contained in the Plan shall: (a) constitute a waiver or release of any Claims by or against, the Debtor or any other entity; (b) prejudice in any manner

the rights of the Debtor or any other entity; or (c) constitute an admission, acknowledgement, offer or undertaking of any sort by the Debtor or any other entity.

6.11 Successors and Assigns. The rights, benefits and obligations of any entity named or referred to herein shall be binding on, and shall inure to the benefit of, any heir, executor, administrator, successor or assign of such entity.

6.12 Reservation of Rights. Except as expressly set forth herein, the Plan shall have no force or effect until the Court enters the confirmation order. Neither the filing of the Plan, any statement or provision contained in the Disclosure Statement, nor the taking of any action by a Debtor or any other entity with respect to the Plan shall be or shall be deemed to be an admission or waiver of any rights of: (1) any Debtor with respect to the holders of claims or other entity; or (2) any holder of a Claim or other entity prior to the effective date of the Plan.

6.13 Further Assurances. The Debtor or the reorganized Debtor, as applicable, all holders of Claims receiving distributions under the Plan and all other entities shall, from time to time, prepare, execute and deliver any agreements or documents and take any other actions as may be necessary or advisable to effectuate the provisions and intent of the Plan or the confirmation order.

6.14 Severability. If, prior to confirmation of the Plan, any term or provision of the Plan is held by the Court to be invalid, void or unenforceable, the Court shall have the power to alter and interpret such term or provision to make it valid or enforceable to the maximum extent practicable, consistent with the original purpose of the term or provision held to be invalid, void or unenforceable, and such term or provision then will be applicable as altered or interpreted, *provided* that any such alteration or interpretation must be in form and substance reasonably acceptable to the Debtor, and, to the extent such alteration or interpretation affects the rights or treatment of holders of unsecured claims, such claim holder.

6.15 Return of Security Deposits. Unless the Debtor agree otherwise in a written agreement or stipulation approved by the Court, all security deposits provided by the Debtor to any person or entity at any time after the petition date shall be returned to the Debtor within twenty (20) days after the date of confirmation, without deduction or offset of any kind.

6.16 Filing of Additional Documents. On or before the Effective Date, the Debtor may file with the Court all agreements and other documents that may be necessary or appropriate to effectuate and further evidence the terms and conditions hereof.

6.16 Captions. The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan.

## ARTICLE VII
## DISCHARGE

**7.01 Discharge.** Confirmation of this Plan does not discharge any debt provided for in this Plan until the court grants a discharge on completion of all payments under this Plan, or as otherwise provided in § 1141(d)(5) of the Code. The Debtor will not be discharged from any debt excepted

from discharge under § 523 of the Code, except as provided in Rule 4007(c) of the Federal Rules of Bankruptcy Procedure.

Dated: January 2818, 2010

Respectfully submitted,

ANTHONY MOSLEY

/s/ Antony Mosley