**Entered on Docket**
**April 23, 2010**

_____
**Hon. Bruce A. Markell**
**United States Bankruptcy Judge**

**UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF NEVADA**

In re:                                              )    Case No.: 09-26633-BAM
                                                    )    Chapter 11
Anthony V. Mosley,                                  )
                                                    )    Confirmation Hearing Date:  March 16, 2010
              Debtor.                               )    Confirmation Hearing Time:  3:30 p.m.
_____  )

## <u>ORDER CONFIRMING PLAN OF REORGANIZATION OF ANTHONY V. MOSLEY</u>

Anthony V. Mosley (the "**Debtor**"), as debtor and debtor in possession, having proposed and filed his Second Amended Chapter 11 Plan of Reorganization (the "**Plan**");[1] and the Court having conducted a hearing on March 16, 2010 (the "**Hearing**") to consider confirmation of the Plan, and the Court having considered the (i) the Debtor's Memorandum of Law in Support of Confirmation of his Plan of Reorganization Under Chapter 11 of the Bankruptcy Code and Reply to Objection (the "**Memo**"), (ii) the declarations and exhibits admitted into evidence at the Hearing, (iii) the arguments of counsel presented at the Hearing, (iv) the objections filed with

---

[1]   All capitalized terms used but not defined herein shall have the respective meanings ascribed to such terms in the Plan.

1

respect to confirmation of the Plan and the responses filed thereto, and (v) the pleadings filed in support of confirmation; and the Court being familiar with the Plan and other relevant factors affecting this case pending under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (as amended, the "**Bankruptcy Code**"); and the Court having taken judicial notice of the entire record of the Chapter 11 case, including, without limitation, all pleadings and papers filed by the Debtor in the Chapter 11 case, (i) the order (the "**Disclosure Statement Order**") entered by the Court on February 10, 2010 (a) approving the Debtor's Second Amended Disclosure Statement with Respect to the Plan (the "**Disclosure Statement**"), (b) approving the forms of ballots and solicitation and tabulation procedures, (c) prescribing the form and manner of notice thereof, (d) fixing the last date for filing objections to the Plan, and (e) scheduling the Hearing to (A) approve the Disclosure Statement, and (B) consider confirmation for the Chapter 11 Plan, and (f) appointing The Schwartz Law Firm, Inc. ("**SLF**") as solicitation and tabulation agent; and the Court having found that due and proper notice has been given with respect to the Hearing and the deadlines and procedures for objections to the Plan and the appearance of all interested parties having been duly noted in the record of the Hearing; and upon the record of the Hearing, and after due deliberation thereon, and sufficient cause appearing therefore;

    **IT IS HEREBY FOUND AND CONCLUDED,**[2] that

---

[2]    The Findings of Fact and Conclusions of Law contained herein constitute the findings of fact and conclusions of law required to be entered by this Court pursuant to Rule 52 of the Federal Rules of Civil Procedure, as made applicable herein by Rules 7052 and 9014 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").  To the extent any finding of fact constitutes a conclusion of law, it is adopted as such.  To the extent any conclusion of law constitutes a finding of fact, it is adopted as such.

**JURISDICTION AND VENUE**

A.    The Court has jurisdiction to conduct the Hearing and to confirm the Plan pursuant to 28 U.S.C. § 1334.

B.    Confirmation of the Plan is a core proceeding pursuant to 28 U.S.C. § 157(b), and this Court has jurisdiction to enter a final order with respect thereto.

C.    The Debtor is a proper debtor under section 109 of the Bankruptcy Code and a proper proponent of the Plan under section 1121(a) of the Bankruptcy Code.

D.    Each of the conditions precedent to the entry of this Order has been satisfied.

**JUDICIAL NOTICE**

E.    This Court takes judicial notice of the docket of the Debtor's Chapter 11 case maintained by the Clerk of the Court and/or its duly-appointed agent, and all pleadings and other documents filed, all orders entered, and evidence and argument made, proffered or adduced at, the hearings held before the Court during the pendency of the Chapter 11 case.

**STANDARDS FOR CONFIRMATION UNDER
SECTION 1129 OF THE BANKRUPTCY CODE**

F.    <u>Section 1129(a)(1)</u>.  The Plan complies with each applicable provision of the Bankruptcy Code.  In particular, the Plan complies with the requirements of sections 1122, 1123, 1125, and 1126 of the Bankruptcy code.

G.    <u>Section 1129(a)(4)</u>.  No payment for services or costs in connection with the Chapter 11 case or the Plan has been made by the Debtor other than payments that have been authorized by order of the Court.

H.    <u>Section 1129(a)(7)</u>.  Each holder of an impaired Claim that has not accepted the Plan will, on account of such Claim, receive or retain property under the Plan having a value, as

3

of the Effective Date, that is not less than the amount that such holder would receive or retain if the Debtor was liquidated under chapter 7 of the Bankruptcy Code.

I. <u>Section 1129(a)(8).</u>  The Plan has not been accepted by all impaired classes of Claims.  Nevertheless, the Plan is confirmable because it satisfies 1129(b)(1) of the Bankruptcy Code with respect to such nonaccepting classes of Claims.

J. <u>Section 1129(a)(9).</u>  The Plan provides treatment for Administrative and Priority Claims that is consistent with the requirements of section 1129(a)(9) of the Bankruptcy Code.

K. <u>Section 1129(a)(10).</u>  The Plan has been accepted by classes of impaired Claims that voted on the Plan, including classes 2(b), 2(c) and 2(h), determined without including any acceptance of the Plan by any insider.

L. <u>Section 1129(a)(11).</u>  Confirmation of the Plan is not likely to be followed by the liquidation or the need for the further financial reorganization of the Debtor.

M. <u>Section 1129(a)(12).</u>  The Plan provides for the payment of all fees payable under section 1930, title 28, United States Code by the Debtor on the Effective Date (or as soon as practicable thereafter).  After the Effective Date and until this Chapter 11 case is closed, converted, or dismissed, the Plan provides for the payment by the Disbursing Agent of all such fees as they become due and payable.

N. <u>Section 1129(a)(15).</u>  There were no objections to the Plan from creditors holding allowed unsecured claims.

O. <u>Section 1129(c).</u>  The Plan (including previous versions thereof) is the only plan that has been filed in the Chapter 11 case that has been found to satisfy the requirements of

4

subsections (a) and (b) of section 1129 of the Bankruptcy Code.  Accordingly, the requirements of section 1129(c) of the Bankruptcy Code have been satisfied.

P.     Section 1129(d).    No party in interest, including but not limited to any governmental unit, has requested that the Court deny confirmation of the Plan on grounds that the principal purpose of the Plan is the avoidance of taxes or the avoidance of the application of section 5 of the Securities Act of 1933, and the principal purpose of the Plan is not such avoidance.    Accordingly, the Plan satisfies the requirements of section 1129(d) of the Bankruptcy Code.

## EXECUTORY CONTRACTS

Q.     Pursuant to sections 365 and 1123(b)(2) of the Bankruptcy Code, upon the occurrence of the Effective Date, the Plan provides for the rejection of each and every executory contract and unexpired lease that is listed in the Plan Schedules as being rejected.  The Debtor's decisions regarding the assumption and rejection of executory contracts and unexpired leases are based on and are within the sound business judgment of the Debtor, are necessary to the implementation of the Plan, and are in the best interests of the Debtor, his estate, holders of Claims, and other parties in interest in this Chapter 11 case.

R.     As required by Section 365(b) of the Bankruptcy Code, all cure obligations associated with any executory contract or unexpired lease that is to be assumed under the Plan shall be paid.

S.     In addition, the Debtor is authorized pay all cure obligations on his residential property located at 1845 Fairhaven Street, Las Vegas, Nevada, in the amount of $33,736.22, in 20 quarterly installments.

## SETTLEMENTS AND INJUNCTIONS

T.      Pursuant to sections 1123(b) of the Bankruptcy Code and Bankruptcy Rule 9019(a), and in consideration of the classification, distributions, and other benefits provided under the Plan, the provisions of the Plan constitute a good faith compromise and settlement of all the Claims and controversies resolved pursuant to the Plan.

## DISPOSITION OF REAL PROPERTY

U.      Pursuant to section 554 of the Bankruptcy Code, upon the occurrence of the Effective Date, the Plan provides that the Debtor may abandon his real property located at 2009 Englestad Street, North Las Vegas, Nevada (the "**2009 Englestad Property**").  The Debtor's decision regarding the abandonment of the 2009 Englestad Property is based on and within the sound business judgment of the Debtor, is necessary for the implementation of the Plan, is fair, equitable and reasonable, is made in good faith, and is in the best interests of the Debtor, his estate, holders of Claims and other parties in interest in this Chapter 11 case.

ACCORDINGLY, IT IS HEREBY ORDERED, ADJUDGED AND DECREED, that:

**A.      General**

1.      The Plan, attached hereto as **Exhibit A**, is hereby confirmed and the record of the Hearing is hereby closed.

2.      The Effective Date of the Plan shall occur on the date when the Court signs this Order confirming the Plan.

3.      In accordance with section 1141(a) of the Bankruptcy Code and upon the occurrence of the Effective Date, the Plan shall be binding upon and inure to the benefit of (i) the Debtor and his respective successors and assigns, (ii) the holders of Claims and their respective

successors and assigns (whether or not they voted to accept the Plan, whether or not they are impaired under the Plan, and whether or not any such holder has filed, or is deemed to have filed a proof of Claim), (iii) any other Person giving, acquiring, or receiving property under the Plan, (iv) any party to an executory contract or unexpired lease of a Debtor and (v) each of the foregoing's respective heirs, successors, assigns, trustees, executors, administrators, affiliates, officers, directors, agents, representatives, attorneys, beneficiaries, or guardians, if any.

4.     On the Effective Date, except as otherwise provided in the Plan, title to all property of the Estates shall vest in and be transferred in accordance with the terms of the Plan. Notwithstanding any terms to the contrary, title to 2009 Englestad Street, North Las Vegas, Nevada, in which Chase Bank holds a security interest, will not be placed in a holding company or transferred in any way prior to the completion of Plan terms.

**B.     Treatment of Secured Claims**

5.     The secured portions of the Lenders' claims are reduced to the appraised value of the Properties, pursuant to 11 U.S.C. § 506(a).

6.     That the unsecured portions of the Lenders' claims are reduced and shall be treated as "general unsecured claims", pursuant to 11 U.S.C. § 506(a).

7.     That the secured and unsecured claims against the property located at 1845 Fairhaven Street, Las Vegas, Nevada, are bifurcated in accordance with the appraised value of the property in the amount of $233,000.00; and the creditors' wholly unsecured claims shall be treated as "general unsecured claims," pursuant to 11 U.S.C. § 506(a), and the total amounts of the claims against 1845 Fairhaven Street, Las Vegas, Nevada 89108 are:

a.   First Lien - Deutsche Bank -        Loan Number - 6474000905671

7

i.   Secured Claim -        $361,881.00

b.   Second Lien – American Home Mortgage Service  - Loan Number - 6474000905788

i.   Unsecured Claim -     $92,337.00.

8.      That the claims of U.S. Bank, N.A. against the property located at 4301 Cory Place, North Las Vegas, Nevada, shall be unimpaired in accordance with the creditor's election under section 1111(b) of the Bankruptcy Code, and the total amounts of claims against 4301 Cory Place, North Las Vegas, Nevada are:

a.   First Lien –        U.S.Bank, N.A. - Loan Number – 2770008269276

i.   Secured Claim -        $291,498.00

The Debtor's payment obligations shall equal $654.49 per month for a total of 312 months.

9.      That the secured and unsecured claims against the property located at 845 Hassel Avenue, Las Vegas, Nevada, are bifurcated in accordance with the appraised value of the property in the amount of $22,500.00; and the creditors' wholly unsecured claims shall be treated as "general unsecured claims," pursuant to 11 U.S.C. § 506(a), and the total amounts of the claims against 845 Hassel Avenue, Las Vegas, Nevada are:

a.   First Lien –        AMC Mortgage Services -    Loan Number - 105752950

i.   Secured Claim -     $22,500.00

ii.   Unsecured Claim -   $162,951.00

10.     That the secured and unsecured claims against the property located at 2015 Englestad Street, Las Vegas, Nevada, are bifurcated in accordance with the appraised value of the property in the amount of $28,000.00; the creditors' wholly unsecured claims shall be treated

as "general unsecured claims," pursuant to 11 U.S.C. § 506(a), and the total amounts of the claims against 2015 Engelstad Street, Las Vegas, Nevada are:

    a.  First Lien –      Countrywide Home Lending -  Loan Number - 104916101

        i.  Secured Claim -      $28,000.00

        ii.  Unsecured Claim -    $120,315.00

    11.    That the secured and unsecured claims against 2220 Revere Street, Las Vegas, Nevada, are bifurcated in accordance with the appraised value of the property in the amount of $38,000.00; the creditors' wholly unsecured claims shall be treated as "general unsecured claims," pursuant to 11 U.S.C. § 506(a), and the total amounts of the claims against 2220 Revere Street, Las Vegas, Nevada are:

    a.  First Lien –      Countrywide Home Lending -  Loan Number - 104725248

        i.  Secured Claim -      $38,000.00

        ii.  Unsecured Claim -    $114,933.00

    12.    That the secured and unsecured claims against 5170 Smoke Ranch Drive, Las Vegas, Nevada, are bifurcated in accordance with the appraised value of the property in the amount of $183,000.00; the creditors' wholly unsecured claims shall be treated as "general unsecured claims," pursuant to 11 U.S.C. § 506(a), and the total amounts of the claims against 5170 Smoke Ranch Drive, Las Vegas, Nevada are:

    a.  First Lien –      EMC Mortgage Servicing – Loan Number - 5890015726656

        i.  Secured Claim -      $183,000.00

        ii.  Unsecured Claim -    $221,171.00

    b.  Second Lien -    EMC Mortgage - Loan Number - 5890015726672

          i.   Unsecured Claim -       $51,657.00;

13.    That the secured and unsecured claims against 5925 Jerry Drive, Las Vegas, Nevada, are bifurcated in accordance with the appraised value of the property in the amount of $63,000.00; the creditors' wholly unsecured claims shall be treated as "general unsecured claims," pursuant to 11 U.S.C. Section 506(a), and the total amounts of the claims against 5925 Jerry Drive, Las Vegas, Nevada:

    a.   First Lien -       Litton Loan Servicing – Loan Number:  13907688

          i.   Secured Claim - $63,000.00

          ii.   Unsecured Claim - $113,019.00

14.    That the secured and unsecured claims against 1824 Leonard Lane, Las Vegas, Nevada, are bifurcated in accordance with the appraised value of the property in the amount of $179,000.00; the creditors' wholly unsecured claims shall be treated as "general unsecured claims," pursuant to 11 U.S.C. § 506(a), and the total amounts of the claims against 1824 Leonard Lane, Las Vegas, Nevada are:

    a.   First Lien –      Ocwen Loan Servicing-      Loan Number –      40794802

          i.   Secured Claim -      $179,000.00

          ii.   Unsecured Claim -     $319,965.00

    b.   Second Lien -    Ocwen Loan Servicing -     Loan Number:  40794810

          i.   Unsecured Claim -     $100,482.00

15.    That the secured and unsecured claims against 2128 Revere Street, North Las Vegas, Nevada, are bifurcated in accordance with the appraised value of the property in the amount of $38,500.00; the creditors' wholly unsecured claims shall be treated as "general

unsecured claims," pursuant to 11 U.S.C. § 506(a), and the total amounts of the claims against 2128 Revere Street, Las Vegas, Nevada are:

    c.   First Lien –      Ocwen Loan Servicing-      Loan Number: 40793356

         i.  Secured Claim -     $38,500.00

         ii.  Unsecured Claim -   $147,940.00

16.    That the claims of SN Servicing Corporation against 851 Hassel Avenue, Las Vegas, Nevada, shall be treated in accordance with the terms of that certain loan modification agreement (the "**Loan Modification**") dated February 17, 2010, between the Debtor and SN Servicing Corporation and that certain stipulation (the "**Stipulation**") executed by both parties and filed with this court on March 9, 2010 (Docket No. 141).  The terms of the Loan Modification and Stipulation are expressly incorporated herein.

17.    That the secured and unsecured claims against 5904 Jerry Drive, Las Vegas, Nevada, are bifurcated in accordance with the appraised value of the property in the amount of $58,000.00; the creditors' wholly unsecured claims shall be treated as "general unsecured claims," pursuant to 11 U.S.C. § 506(a), and the total amounts of the claims against 5904 Jerry Drive, Las Vegas, Nevada are:

    d.   First Lien –      Washington Federal Savings – Loan Number: 3167228

         i.  Secured Claim -     $58,000.00

         ii.  Unsecured Claim -   $135,912.00

18.    That unsecured portions of the Lenders' claims be reclassified as general unsecured claims to be paid pro rata with other general unsecured creditors through the Debtor's Chapter 11 plan.

11

19.      That Lenders' secured rights and/or lien-holder rights in the Properties are hereby modified as set forth above, however, all remaining terms of the mortgage and note shall remain the same, including the term of the loan and interest rate.

**C.    Plan Implementation.**

20.      The Debtor is authorized to undertake or cause to be undertaken any and all acts and actions contemplated by the Plan or required to consummate and implement the provisions of the Plan, prior to, on, and after the Effective Date, including without limitation, entering, executing, delivering, filing or recording any agreements, instruments, or documents necessary to implement the Plan.  All such actions shall be deemed to have occurred and shall be in effect without any requirement or further action by the Debtor.

21.      Each federal, state, commonwealth, local, foreign or other governmental agency is hereby directed and authorized to accept any and all documents, mortgages, and instruments necessary or appropriate to effectuate, implement, or consummate the transactions contemplated by the Plan and this Order.

**D.    Plan Distributions.**

22.      On and after the Effective Date, distributions on account of allowed Claims, shall be effectuated pursuant the Plan.

23.      In accordance with the Plan, all applications for payment of fees and reimbursement of expenses by professionals retained in these Chapter 11 Cases as well as parties seeking compensation pursuant to section 503 of the Bankruptcy Code must be filed with the Court by the date that is no later than forty-five (45) days after the Confirmation Date of the Plan (or, if such date is not a Business Day, by the next Business Day thereafter).  Any Person or

entity that fails to file such an application or request on or before such date shall be forever barred from asserting such Administrative Claim against the Debtor or his property, and the holder thereof shall be enjoined from commencing or continuing any action, employment of process or act to collect, offset or recover such Administrative Claim.  Applications for approval of professionals' fees not previously awarded during the pendency of the Chapter 11 case may be included in such professional's final applications as set forth herein and in the Plan.  Objections, if any, to Fee Claims shall be filed and served not later than five (5) business days prior to the date set by the Court for the hearing to consider such requests.

**E.      Executory Contracts and Leases.**

24.      As of the Confirmation Date, all executory contracts and unexpired leases of the Debtor shall be assumed, pursuant to sections 365 and 1123 of the Bankruptcy Code.

25.      Upon the Confirmation Date of the Plan, the Debtor shall provide notice of the rejection pursuant to the Plan of an executory contract or unexpired lease to any non-debtor parties.  In the event the Plan otherwise is not consummated, the Debtor may modify or amend (including, without limitation, making additions and/or deletions) all rights of a Debtor to assume or reject its unexpired leases and executory contracts shall be reinstated to the date immediately prior to the date of this Order.

**F.      Taxes and Transfers.**

26.      The transfer of any asset under the Plan or this Order has been duly authorized, and when issued as provided in the Plan, will be validly issued, fully paid, and nonassessable.

27.      Creditors seeking to protect the validity, enforceability, perfection and priority of the liens and security interests granted and/or continued under the Plan may file financing

statements, deeds of trust, mortgages or other documents and take any and all actions as they deem appropriate, in their respective discretion, to confirm the perfection of such security interests and liens.

28.    All filing and recording officers are hereby directed to accept for filing or recording all instruments of transfer to be filed and recorded notwithstanding any contrary provision of applicable non-bankruptcy law.  This Court retains jurisdiction to enforce the foregoing direction, by contempt proceedings or otherwise.

**G.    Miscellaneous.**

29.    From and after the Confirmation Date, this Court shall retain and have exclusive jurisdiction of all matters arising out of this Chapter 11 case pursuant to, and for purposes of, subsection 105(a) and section 1142 of the Bankruptcy Code, including without limitation, jurisdiction over the matters set forth in the Plan, which is incorporated herein by reference, as if set forth *in extenso.*

30.    Except as otherwise provided in the Plan and this Order, notice of all subsequent pleadings in this Chapter 11 case shall be limited to counsel for the Debtor, the United States Trustee, and any party known to be directly affected by the relief sought.

31.    Notwithstanding anything in the Plan or this Order to the contrary, the amount of any Priority Tax Claim for U. S. federal income taxes, if any, and the rights of the holder of such Claim, if any, to payment in respect thereof shall: (a) survive the Effective Date and consummation of the Plan and be determined in the manner and by the administrative or judicial tribunal in which the amount of such Claim and the rights of the holder of such Claim would have been resolved or adjudicated if the Chapter 11 case had not been commenced; and (b) not

14

be discharged, impaired or adversely affected by the Plan.  In accordance with section 1124 of the Bankruptcy Code, the Plan shall leave unaltered the legal, equitable and contractual rights of a holder of such Claim.

32.    Failure specifically to include or reference particular sections or provisions of the Plan or any related agreement in this Order shall not diminish or impair the effectiveness of such sections or provisions, it being the intent of the Court that the Plan be confirmed and such related agreements be approved in their entirety.

33.    All entities holding Claims against in the Debtor that are treated under the Plan are hereby directed to execute, deliver, file, or record any document, and to take any action necessary to implement, consummate, and otherwise effect the Plan in accordance with its terms, and all such entities shall be bound by the terms and provisions of all documents executed and delivered by them in connection with the Plan.

34.    In accordance with section 1142 of the Bankruptcy Code, the Debtor, and any other entity designated pursuant to the Plan are hereby authorized, empowered and directed to issue, execute, deliver, file and record any document, and to take any action necessary or appropriate to implement, consummate and otherwise effectuate the Plan in accordance with its terms, and all such entities shall be bound by the terms and provisions of all documents issued, executed and delivered by them as necessary or appropriate to implement or effectuate the transactions contemplated by the Plan and as set forth in the Plan.

35.    Any document related to the Plan that refers to a plan of reorganization of the Debtor other than the Plan confirmed by this Order shall be, and it hereby is, deemed to be

15

modified such that the reference to a plan of reorganization of the Debtor in such document shall mean the Plan confirmed by this Order, as appropriate.

36.    In the event of an inconsistency between the Plan, on the one hand, and any other agreement, instrument, or document intended to implement the provisions of the Plan, on the other, the provisions of the Plan shall govern (unless otherwise expressly provided for in such agreement, instrument, or document).  In the event of any inconsistency between the Plan or any agreement, instrument, or document intended to implement the Plan, on the one hand, and this Order, on the other, the provisions of this Order shall govern.

37.    The provisions of this Order are integrated with each other and are non-severable and mutually dependent.

38.    This Confirmation Order is a final order and the period in which an appeal must be filed shall commence immediately upon the entry hereof.

39.    If any or all of the provisions of this Order are hereafter reversed, modified or vacated by subsequent order of this Court, or any other Court, such reversal, modification or vacatur shall not affect the validity of the acts or obligations incurred or undertaken under or in connection with the Plan prior to the Debtor receipt of written notice of such order. Notwithstanding any such reversal, modification or vacatur of this Order, any such act or obligation incurred or undertaken pursuant to, and in reliance on, this Order prior to the effective date of such reversal, modification or vacatur shall be governed in all respects by the provisions of this Order and the Plan and all related documents or any amendments or modifications thereto.

40.    The Plan shall be substantially consummated on the Confirmation Date because the transactions described in the Plan shall have occurred or shall have been provided for.

The Schwartz Law Firm, Inc.

By /s/ Samuel A. Schwartz
     SAMUEL A. SCHWARTZ #10985

Attorneys for Debtor

17

**SUBMISSION TO COUNSEL FOR APPROVAL PURSUANT TO LR 9021**

In accordance with LR 9021, counsel submitting this document certifies as follows:

____ The court has waived the requirement of approval under LR 9021.

____ This is a chapter 7 or 13 case, and either with the motion, or at the hearing, I have delivered a copy of this proposed order to all counsel who appeared at the hearing, any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below [list each party and whether the party has approved, disapproved, or failed to respond to the document]:

_x_ This is a chapter 9, 11, or 15 case, and I have delivered a copy of this proposed order to all counsel who appeared at the hearing, any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below [list each party and whether the party has approved, disapproved, or failed to respond to the document]:

____ I certify that I have served a copy of this order with the motion, and no parties appeared or filed written objections.

       APPROVED:       Ron Reynolds, Esq.

       DISAPPROVED:

       FAILED TO RESPOND: Ed McDonald, U.S. Trustee, Ace Van Patten, Esq., Christopher Lezak, Esq., Kristin-Schuler Hintz, Esq.

18

# EXHIBIT A

Samuel A. Schwartz, Esq.
Nevada Bar No. 10985
Bryan A. Lindsey, Esq.
Nevada Bar No. 10662
The Schwartz Law Firm, Inc.
626 South Third Street
Las Vegas, Nevada 89101
Telephone: (702) 385-5544
Facsimile: (702) 385-2741
Attorneys for the Debtor

## UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF NEVADA

|  |  |
|---|---|
| In re: | ) CASE NO.: 09-26633-BAM |
|  | ) Chapter 11 |
| Anthony Mosley | ) |
|  | ) Hearing Date: March 16, 2010 |
|  | ) Hearing Time: 3:30 p.m. |
| Debtor. | ) |
|  | ) |
|  | ) |

## SECOND AMENDED PLAN OF REORGANIZATION OF ANTHONY MOSLEY

### ARTICLE I - SUMMARY

This Second Amended Plan of Reorganization (the "**Plan**") under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101, *et seq*. (the "**Bankruptcy Code**") proposes to pay creditors of Anthony Mosley, the above-captioned debtor and Debtor-in-possession (the "**Debtor**") from the reorganization of their residential property and secured debt.

This Plan provides for 2 classes of secured claims; and 3 classes of unsecured claims. Unsecured creditors holding allowed claims will receive distributions, which the Debtor has valued at approximately 10% of each creditor's allowed claim. This Plan also provides for the payment of administrative and priority claims in full on the effective date of this Plan, or as agreed by the holder of such administrative or priority claim.

All creditors should refer to Articles II through IV of this Plan for information regarding the precise treatment of their claims. A Second Amended Disclosure Statement (the "**Disclosure Statement**") that provides more detailed information regarding this Plan and the rights of creditors was circulated with this Plan. Your rights may be affected. You should read these papers carefully and discuss them with your attorney. If you do not have an attorney, you may wish to consult one.

ARTICLE II - CLASSIFICATION AND TREATMENT OF CLAIMS

This Plan constitutes the Chapter 11 plan of reorganization of the Debtor. All Claims against the Debtor are placed in classes (each a "**Class**") as designated by Classes 1 through 5. In accordance with section 1123(a)(1) of the Bankruptcy Code, the Debtor has not classified Administrative Claims and Priority Tax Claims.

The categories of Claims (as defined in the Bankruptcy Code, listed below classify Claims for all purposes, including, without limitation, voting, confirmation and distribution pursuant to this Plan sections 1122 and 1123(a)(1) of the Bankruptcy Code. The Plan deems a Claim to be classified in a particular Class only to the extent that the Claim qualifies within the description of that Class and shall be deemed classified in a different Class to the extent that any remainder of such Claim qualifies within the description of such different Class. A Claim is in a particular Class only to the extent that any such Claim is allowed in that Class and has not been paid or otherwise settled prior to the effective date of the Plan as determined in paragraph 6.02 below.

**Classification of Claims**

2.01    <u>Class 1(a) –Secured Claim of American Home Mortgage Service</u>

(a)    *Classification*: Class 1(a) consists of the Secured Claim of American Home Mortgage Service against the Debtor's property located at 1845 Fairhaven Street, Las Vegas, Nevada, which is secured by a lien against the Debtor's residential property, loan number 6474000905671.

(b)    *Treatment*: The holder of the allowed Class 1(a) Secured Claim shall be unimpaired and paid in full in accordance with the terms of its related note and mortgage.

(c)    *Voting*: Class 1(a) is an unimpaired class, and the holder of the Class 1(a) claim is conclusively deemed to have accepted the Plan pursuant to section 1126(f) of the Bankruptcy Code. Therefore, the holder of the Class 1(a) claim is not entitled to vote to accept or reject the Plan.

<u>Class 1(b) –Secured Claim of Select Portfolio Servicing</u>

(a)    *Classification*: Class 1(b) consists of the Secured Claim of Select Portfolio Servicing against the Debtor's residential property located at 4301 Cory Place, North Las Vegas, loan number 2770008269276.

(b)    *Treatment*: The holder of the allowed Class 1(b) Secured Claim shall be unimpaired and paid in full in accordance with the terms of its note and mortgage and the creditor's election under 1111(b) of the Bankruptcy Code.

    (c)    *Voting*: Class 1(b) is an unimpaired class, and the holder of the Class 1(b) claim is conclusively deemed to have accepted the Plan pursuant to section 1126(f) of the Bankruptcy Code. Therefore, the holder of the Class 1(b) claim is not entitled to vote to accept or reject the Plan.*2.02*

2.02    <u>Class 2(a) –Secured Claim of AMC Mortgage Services</u>

    (a)    *Classification*: Class 2(a) consists of the Secured Claim of AMC Mortgage Services against the Debtor's property located at 845 Hassel Avenue, Las Vegas, Nevada, which is secured by a lien against the Debtor's residential property, loan number 105752950.

    (b)    *Treatment*: The holder of the allowed Class 2(a) Secured Claim shall be impaired and paid the allowed amount of its claim as set forth on **Exhibit 1** attached hereto in accordance with the terms of its related note and mortgage.

    (c)    *Valuation*: The Class 2(a) Secured Claim shall be revalued on the effective date of this Plan, pursuant to sections 1123 and 506 of the Bankruptcy Code, in accordance with the appraised value of such properties as set forth on **Exhibit 1** of the Plan. The confirmation order approving the plan shall set forth the values of each secured creditors first lien claim as of the effective date of the Plan.

    (d)    *Unsecured Portion of the Claim*: Any amount of a Class 2(a) claim that is deemed to be unsecured in accordance with section (c) above shall be afforded the treatment set forth in Class 5 below.

    (e)    *Voting*: Class 2(a) is an impaired class, and the holder of the Class 2(a) claim is entitled to vote to accept or reject the Plan.

<u>Class 2(b) –Secured Claim of Countrywide Home Loans</u>

    (a)    *Classification*: Class 2(b) consists of the Secured Claim of Countrywide Home Loans against the Debtor's property located at 2015 Engelstad Street, Las Vegas, Nevada, which is secured by a lien against the Debtor's residential property, loan number 10491610.

    (b)    *Treatment*: The holder of the allowed Class 2(b) Secured Claim shall be impaired and paid the allowed amount of its claim as set forth on **Exhibit 1** attached hereto in accordance with the terms of its related note and mortgage.

    (c)    *Valuation*: The Class 2(b) Secured Claim shall be revalued on the effective date of this Plan, pursuant to sections 1123 and 506 of the Bankruptcy Code, in accordance with the appraised value of such properties as set forth on **Exhibit 1** of the Plan. The confirmation order

approving the plan shall set forth the values of each secured creditors first lien claim as of the effective date of the Plan.

(d)     *Unsecured Portion of the Claim*: Any amount of a Class 2(b) claim that is deemed to be unsecured in accordance with section (c) above shall be afforded the treatment set forth in Class 5 below.

(e)     *Voting*: Class 2(b) is an impaired class, and the holder of the Class 2(b) claim is entitled to vote to accept or reject the Plan.

Class 2(c) –Secured Claim of Countrywide Home Loans

(a)     *Classification*: Class 2(c) consists of the Secured Claim of Countrywide Home Loans against the Debtor's property located at 2220 Revere Street, Las Vegas, Nevada, which is secured by a lien against the Debtor's residential property, loan number 104725248.

(b)     *Treatment*: The holder of the allowed Class 2(c) Secured Claim shall be impaired and paid the allowed amount of its claim as set forth on **Exhibit 1** attached hereto in accordance with the terms of its related note and mortgage.

(c)     *Valuation*: The Class 2(c) Secured Claim shall be revalued on the effective date of this Plan, pursuant to sections 1123 and 506 of the Bankruptcy Code, in accordance with the appraised value of such properties as set forth on **Exhibit 1** of the Plan.  The confirmation order approving the plan shall set forth the values of each secured creditors first lien claim as of the effective date of the Plan.

(d)     *Unsecured Portion of the Claim*: Any amount of a Class 2(c) claim that is deemed to be unsecured in accordance with section (c) above shall be afforded the treatment set forth in Class 5 below.

(e)     *Voting*: Class 2(c) is an impaired class, and the holder of the Class 2(c) claim is entitled to vote to accept or reject the Plan.

Class 2(d) –Secured Claim of EMC Mortgage Servicing

(a)     *Classification*: Class 2(d) consists of the Secured Claim of EMC Mortgage Servicing against the Debtor's property located at 5170 Smoke Ranch Drive, Las Vegas, Nevada, which is secured by a lien against the Debtor's residential property, loan number 5890015726656.

(b)     *Treatment*: The holder of the allowed Class 2(d) Secured Claim shall be impaired and paid the allowed amount of its claim as set forth on **Exhibit 1** attached hereto in accordance with the terms of its related note and mortgage.

(c)  *Valuation*: The Class 2(d) Secured Claim shall be revalued on the effective date of this Plan, pursuant to sections 1123 and 506 of the Bankruptcy Code, in accordance with the appraised value of such properties as set forth on **Exhibit 1** of the Plan.  The confirmation order approving the plan shall set forth the values of each secured creditors first lien claim as of the effective date of the Plan.

(d)  *Unsecured Portion of the Claim*: Any amount of a Class 2(d) claim that is deemed to be unsecured in accordance with section (c) above shall be afforded the treatment set forth in Class 5 below.

(e)  *Voting*: Class 2(d) is an impaired class, and the holder of the Class 2(d) claim is entitled to vote to accept or reject the Plan.

Class 2(e) –Secured Claim of Litton Loan Servicing

(a)  *Classification*: Class 2(e) consists of the Secured Claim of Litton Loan Servicing against the Debtor's property located at 5925 Jerry Drive, Las Vegas, Nevada, which is secured by a lien against the Debtor's residential property, loan number 13907688.

(b)  *Treatment*: The holder of the allowed Class 2(e) Secured Claim shall be impaired and paid the allowed amount of its claim as set forth on **Exhibit 1** attached hereto in accordance with the terms of its related note and mortgage.

(c)  *Valuation*: The Class 2(e) Secured Claim shall be revalued on the effective date of this Plan, pursuant to sections 1123 and 506 of the Bankruptcy Code, in accordance with the appraised value of such properties as set forth on **Exhibit 1** of the Plan.  The confirmation order approving the plan shall set forth the values of each secured creditors first lien claim as of the effective date of the Plan.

(d)  *Unsecured Portion of the Claim*: Any amount of a Class 2(e) claim that is deemed to be unsecured in accordance with section (c) above shall be afforded the treatment set forth in Class 5 below.

(e)  *Voting*: Class 2(e) is an impaired class, and the holder of the Class 2(e) claim is entitled to vote to accept or reject the Plan.

Class 2(f) –Secured Claim of Ocwen Loan Servicing

(a)  *Classification*: Class 2(f) consists of the Secured Claim of Ocwen Loan Servicing against the Debtor's property located at 1824 Leonard Lane, Las Vegas, Nevada, which is secured by a lien against the Debtor's residential property, loan number 40794802.

(b)     *Treatment*: The holder of the allowed Class 2(f) Secured Claim shall be impaired and paid the allowed amount of its claim as set forth on **Exhibit 1** attached hereto in accordance with the terms of its related note and mortgage.

(c)     *Valuation*: The Class 2(f) Secured Claim shall be revalued on the effective date of this Plan, pursuant to sections 1123 and 506 of the Bankruptcy Code, in accordance with the appraised value of such properties as set forth on **Exhibit 1** of the Plan.  The confirmation order approving the plan shall set forth the values of each secured creditors first lien claim as of the effective date of the Plan.

(d)     *Unsecured Portion of the Claim*: Any amount of a Class 2(f) claim that is deemed to be unsecured in accordance with section (c) above shall be afforded the treatment set forth in Class 5 below.

(e)     *Voting*: Class 2(f) is an impaired class, and the holder of the Class 2(f) claim is entitled to vote to accept or reject the Plan.

Class 2(g) –Secured Claim of Ocwen Loan Servicing

(a)     *Classification*: Class 2(g) consists of the Secured Claim of Ocwen Loan Servicing against the Debtor's property located at 2128 Revere Street, Las Vegas, Nevada, which is secured by a lien against the Debtor's residential property, loan number 40793556.

(b)     *Treatment*: The holder of the allowed Class 2(g) Secured Claim shall be impaired and paid the allowed amount of its claim as set forth on **Exhibit 1** attached hereto in accordance with the terms of its related note and mortgage.

(c)     *Valuation*: The Class 2(g) Secured Claim shall be revalued on the effective date of this Plan, pursuant to sections 1123 and 506 of the Bankruptcy Code, in accordance with the appraised value of such properties as set forth on **Exhibit 1** of the Plan.  The confirmation order approving the plan shall set forth the values of each secured creditors first lien claim as of the effective date of the Plan.

(d)     *Unsecured Portion of the Claim*: Any amount of a Class 2(g) claim that is deemed to be unsecured in accordance with section (c) above shall be afforded the treatment set forth in Class 5 below.

(e)     *Voting*: Class 2(g) is an impaired class, and the holder of the Class 2(g) claim is entitled to vote to accept or reject the Plan.

<u>Class 2(h) –Secured Claim of SN Servicing Corporation</u>

(a)     *Classification*: Class 2(h) consists of the SN Servicing Corporation against the Debtor's residential property located at 851 Hassel Avenue, loan number 105684914, and which is subject to a stipulation among the parties filed in the case.

(b)     *Treatment*: The holder of the allowed Class 2(h) Secured Claim shall be treated in accordance with the terms of the loan modification agreement dated February 17, 2010 and that certain stipulation filed with the court on March 9, 2010 (Docket No. 141).

(c)     *Valuation*: The Class 2(h) Secured Claim shall be revalued on the effective date of this Plan, pursuant to sections 1123 and 506 of the Bankruptcy Code, in accordance with the appraised value of the vehicle as set forth on **Exhibit 1** of the Plan.  The confirmation order approving the plan shall set forth the values of each secured creditors first lien claim as of the effective date of the Plan.

(d)     *Unsecured Portion of the Claim*: Any amount of a Class 2(h) claim that is deemed to be unsecured in accordance with section (c) above shall be afforded the treatment set forth in Class 5 below.

(e)     *Voting*: Class 2(h) is an impaired claim, and the holder of the Class 2(h) claim is entitled to vote to accept or reject the Plan.

<u>Class 2(i) –Secured Claim of Washington Federal Savings</u>

(a)     *Classification*: Class 2(i) consists of the Washington Federal Savings against the Debtor's residential property located at 5904 Jerry Drive, loan number 3167228.

(b)     *Treatment*: The holder of the allowed Class 2(i) Secured Claim shall be impaired and paid the allowed amount of its claim as set forth on **Exhibit 1** attached hereto in accordance with the terms of its related security agreement.

(c)     *Valuation*: The Class 2(i) Secured Claim shall be revalued on the effective date of this Plan, pursuant to sections 1123 and 506 of the Bankruptcy Code, in accordance with the appraised value of the vehicle as set forth on **Exhibit 1** of the Plan.  The confirmation order approving the plan shall set forth the values of each secured creditors first lien claim as of the effective date of the Plan.

(d)     *Unsecured Portion of the Claim*: Any amount of a Class 2(i) claim that is deemed to be unsecured in accordance with section (c) above shall be afforded the treatment set forth in Class 5 below.

      (e)    *Voting*: Class 2(i) is an impaired class, and the holder of the Class 2(i) claim is entitled to vote to accept or reject the Plan.

2.03      <u>Class 3 – Priority Claims</u>

      (a)    *Classification*: Class 3 consists of the Priority Claims against the Debtor.

      (b)    *Treatment*:  The legal, equitable and contractual rights of the holders of allowed Class 3 Claims are unaltered.  Except to the extent that a holder of an allowed Class 1 or Class 2 claim has been paid by the Debtor prior to the effective date of this Plan or otherwise agrees to different treatment, each holder of an allowed Class 3 Claim shall receive, in full and final satisfaction of such allowed Class 3 claim, payment in full in cash on or as soon as reasonably practicable after (i) the effective date of the Plan, (ii) the date such allowed Class 3 claim becomes allowed or (iii) such other date as may be ordered by the Bankruptcy Court.

      (c)    *Voting*: Class 3 is an unimpaired Class, and is deemed to have accepted the Plan pursuant to section 1126(f) of the Bankruptcy Code.  Therefore, the holders of Class 3 claims are not entitled to vote to accept or reject the Plan.

2.04      <u>Class 4 – Convenience Claims</u>

      (a)    *Classification:* Class 4 consists of Convenience Claims against the Debtor in accordance with section 1122(b) of the Bankruptcy Code.

      (b)    *Treatment:*  The legal, equitable and contractual rights of the holders of allowed Class 4 claims are unaltered.  Except to the extent that a holder of an allowed Class 4 claim has been paid by the Debtor prior to the effective date of this Plan or otherwise agrees to different treatment, each holder of an allowed Class 4 claim shall receive, in full and final satisfaction of such allowed Class 4 claim, payment in full in cash on or as soon as reasonably practicable after (i) the effective date of the Plan, (ii) the date such allowed Class 4 claim becomes allowed or (iii) such other date as may be ordered by the Bankruptcy Court.

      (c)    *Voting:* Class 4 is an unimpaired class, and the holders of Class 4 claims are conclusively deemed to have accepted the Plan pursuant to section 1126(f) of the Bankruptcy Code.  Therefore, the holders of Class 4 claims are not entitled to vote to accept or reject the Plan.

2.05      <u>Class 5 - General Unsecured Claims</u>

      (a)    *Classification:* Class 5 consists of General Unsecured Claims against the Debtor, which includes the unsecured portion of the Debtor's first and second lien holders.

(b)    *Treatment:*  Holders of allowed General Unsecured Claims shall receive, in full and final satisfaction of such allowed Class 5 claims, their pro rata share of the Debtor's monthly plan payments, which the Debtor estimates to be 10% of such creditor's claim.

(c)    *Voting:* Class 5 is an impaired Class, and holders of Class 5 claims are entitled to vote to accept or reject the Plan.

ARTICLE III

TREATMENT OF ADMINISTRATIVE EXPENSE CLAIMS.
U.S. TRUSTEES FEES AND PRIORITY TAX CLAIMS

3.01    Unclassified Claims. In accordance with section 1123(a)(1) of the Bankruptcy Code, administrative expense claims, and priority tax claims are not in classes.

3.02    Administrative Expense Claims. Each holder of an administrative expense claim allowed under Section 503 of the Bankruptcy Code will be paid in full on the effective date of this Plan, in cash, or upon such other terms as may be agreed upon by the holder of the claim and the Debtor.

3.03    Priority Tax Claims. Each holder of a priority tax claim will be paid in full on the effective date of this Plan, or with respect to the Internal Revenue Service, as agreed upon among the parties.

3.04    United States Trustee Fees. All fees required to be paid by 28 U.S.C. § 1930 will accrue and be timely paid until the case is closed, dismissed, or converted to another chapter of the Code.  Any U.S. Trustee Fees owed on or before the effective date of this Plan will be paid on the effective date.

ARTICLE IV
PROVISIONS FOR EXECUTORY CONTRACTS AND UNEXPIRED LEASES AND THE
ABANDONMENT OF REAL PROPERTY

4.01    Assumed Executory Contracts and Unexpired Leases.

(a) The Debtor shall assume, on the effective date of this Plan, the executory contracts and unexpired leases listed on **Exhibit 2** attached hereto.  Listed on **Exhibit 2** is also the Debtor's estimated cure amount, if any, necessary to assume such contract in accordance with Section 365 of the Bankruptcy Code.

(b) The Debtor will be conclusively deemed to have rejected all executory contracts and/or unexpired leases not expressly assumed under section 4.01(a) above.  A proof of a claim arising from the rejection of an executory contract or unexpired lease under this section must be filed no later than thirty (30) days after the date of the order confirming this Plan.

(c) The confirmation order shall constitute an order of the Bankruptcy Court approving such assumptions pursuant to sections 365 and 1123 of the Bankruptcy Code as of the effective date of this Plan.  The Debtor reserves the right to amend **Exhibit 2** at any time before the effective date.

(d) Any objection by a party to an executory contract or unexpired lease to the Debtor's proposed assumption or any related cure amount set forth on **Exhibit 2** must be filed, served and actually received by the Debtor at least five (5) days prior to the confirmation hearing of this Plan.  Any party to an executory contract or unexpired lease that fails to object timely to the proposed cure amount will be deemed to have consented to such assignment of its executory contract or unexpired lease.  The confirmation order shall constitute an order of the Bankruptcy Court approving any proposed assignments of executory contracts or unexpired leases pursuant to sections 365 and 1123 of the Bankruptcy Code as of the Effective Date.

(e) In the event of a dispute regarding (i) the amount of any cure payment, (ii) the ability of the Debtor to provide "adequate assurance of future performance" (within the meaning of section 365 of the Bankruptcy Code) under the executory contract or unexpired lease to be assigned or (iii) any other matter pertaining to assignment, the applicable cure payments required by section 365(b)(1) of the Bankruptcy Code shall be made following the entry of a final order or orders resolving the dispute and approving the assumption.  If an objection to a cure amount is sustained by the Bankruptcy Court, the Debtor at their sole option, may elect to reject such executory contract or unexpired lease in lieu of assuming and assigning it.

4.02.   Disposition of Land.  Pursuant to 554 of the Bankruptcy Code, the Debtor may abandon his real property parcel located at 4301 Cory Place, North Las Vegas, Nevada subject to approval of the Bankruptcy Court in accordance with the confirmation hearing.  Therefore, the order confirming the Plan will constitute the Bankruptcy Court's finding and determination that the abandonment of the 4301 Cory Place property is (1) in the best interests of the Debtors, their estates and parties in interest, (2) fair, equitable and reasonable, (3) made in good faith and (4) approved pursuant to section 554 of the Bankruptcy Code and Bankruptcy Rule 9019.

## ARTICLE V - MEANS FOR IMPLEMENTATION OF THE PLAN

5.01   Source of Payments. Payments and distributions under the Plan will be funded by the Debtor, based upon their (a) projected monthly rental income and (b) personal income.  The Liquidation Analysis attached the Disclosure Statement as **Exhibit C**, outlines the Debtor's sources and uses of income.  The Debtor's monthly Plan payment shall be one thousand five hundred dollars ($1,500.00).

5.02   Method of Plan Payments

(a)    On or about the effective date of the Plan, the Debtor shall retain Cynthia Bitaut of Langlands and Grossa, LLP, 2655 Box Canyon Drive #190, Las Vegas, Nevada 89128 as their disbursement agent (the "**Disbursement Agent**").  Except as otherwise provided in the Plan, upon the first full month after the entry of the order confirming the Plan, the Debtor shall begin making monthly distributions to the Disbursement Agent under the Plan.  The Disbursement Agent shall begin, as soon as practical, making pro rata payments to the Debtor's unsecured

creditors holding allowed claims, on a quarterly basis, until such claims are paid as set forth in the Plan.

(b)      Except as otherwise provided in the Plan, or upon the entry of a final, non-appealable order of the Bankruptcy Court, or as agreed to by the relevant parties, distributions under the Plan on account of a disputed claim that becomes an allowed claim after the effective date of the Plan shall be begin on the regular quarterly payment date, as established by the Disbursement Agent, which is at least thirty (30) days after such claim becomes an allowed claim.

(c)      Notwithstanding anything in the Plan to the contrary, and except as otherwise agreed to by the relevant parties, no partial payments and no partial distributions shall be made with respect to a disputed claim until all such disputes in connection with such disputed claim have been resolved by settlement among the parties or a final order of the Bankruptcy Court.  In the event that there are disputed claims requiring adjudication and resolution, the Disbursement Agent shall establish appropriate reserves for potential payment of such Claims.

(d)      In no event, however, shall the Disbursement Agent be held liable for any failures of the Debtor to make any of their payments required under the Plan.  If any holders of allowed claims against the Debtor's estate fail to receive payment in accordance with the Plan, the Bankruptcy Court shall retain jurisdiction to hear and determine all matters related to the implementation of this Plan and the payments required hereunder.

(e)      The Disbursement Agent shall be authorized to retain attorneys, if necessary, to object to proofs of claim, pay administrative expenses and collect a reasonable fee for administering the Debtor's post-confirmation estate from the Debtor's plan payments.

5.03    The Holding Company.  On or after the effective date of the Plan, the Debtor shall transfer title to their properties to a Nevada limited liability company (the "**Holding Company**"), for liability purposes.  The transfer shall not limit the Debtor's personal liability to their Class 1 creditors or their obligations to make payments under this Plan.

5.04    Post-confirmation Management.  The Debtor will manage their properties post-petition in the ordinary course.  They will be authorized to enter into, terminate and renew lease agreements as they see fit.  Such activities will include retaining management companies to aid in the renting of their property, drafting and serving eviction notices, negotiating loan modifications or refinancing their properties, repairing the properties and maintaining a reserve account of up to one month's mortgage payments, or $10,000.00, whichever is greater.  In addition, the Debtor will be authorized to transfer the properties to the Holding Company to limit their liability from claims arising from their rental business (such as injuries occurring at the homes) after the date of confirmation.

ARTICLE VI
GENERAL PROVISIONS

6.01    <u>Definitions and Rules of Construction</u>.  The definitions and rules of construction set forth in Sections 101 and 102 of the Bankruptcy Code shall apply when terms defined or construed in the Bankruptcy Code are used in this Plan.

6.02    <u>Effective Date of Plan</u>.   The effective date of this Plan is the eleventh business day following the date of the entry of the confirmation order.  But if a stay of the confirmation order is in effect on that date, the effective date will be the first business day after that date on which no stay of the confirmation order is in effect, provided that the confirmation order has not been vacated.

6.03    <u>Modification of Plan</u>.

        The Debtor may modify the Plan at any time before confirmation of the Plan.  The Court, however, may require a new Disclosure Statement and/or re-voting on the Plan.  The Debtor may also seek to modify the Plan at any time after confirmation only if (A) the Plan has not been substantially consummated and (B) the Court authorizes the proposed modifications after notice and a hearing.

        Upon request of the Debtor, the Plan may be modified at any time after confirmation of the Plan, but before the completion of payments under the Plan, to (1) increase or reduce the amount of payments under the Plan on claims of a particular class, (2) extend or reduce the time period for such payments, or (3) alter the amount of distribution to a creditor whose claim is provided for by the Plan to the extent necessary to take on accounting of any payment of a claim made other than under the Plan.

        Effective as of the date hereof and subject to the limitations and rights contained in the Plan: (a) the Debtor reserve the right, in accordance with the Bankruptcy Code and the Bankruptcy Rules, to amend or modify the Plan prior to the entry of the confirmation order; and (b) after the entry of the confirmation order, the Debtor may, upon order of the Bankruptcy Court, amend or modify the Plan, in accordance with section 1127(b) of the Bankruptcy Code or remedy any defect or omission or reconcile any inconsistency in the Plan in such manner as may be necessary to carry out the purpose and intent of the Plan; provided, however, that any modification to the Plan shall not affect the rights or treatment of holders of unsecured claims.

6.04    <u>Final Decree</u>**.**  Once the estate has been fully administered, as provided in Rule 3022 of the Federal Rules of bankruptcy Procedure, the Debtor, or such other party as the Court shall designate in the Plan confirmation order, shall file a motion with the Court to obtain a final decree to close the case.  Alternatively, the Court may enter such a final decree on its own motion.

6.05    <u>Vesting of Assets in the Reorganized Debtor and the Holding Company</u>**.**  After confirmation of the Plan, all property of the Debtor shall vest in the reorganized Debtor and the Holding Company, free and clear of all liens, claims, charges or other encumbrances, except those enumerated in the order approving the Motion to Value and the confirmation order.  The reorganized Debtor may operate their business and may use, acquire or dispose of property and

compromise or settle any claims without supervision or approval by the Bankruptcy Court and free of any restrictions of the Bankruptcy Code or Bankruptcy Rules, other than those restrictions expressly imposed by the Plan and the confirmation order. Without limiting the foregoing, the Debtor shall pay the charges that they incur after confirmation for professionals' fees, disbursements, expenses or related support services (including reasonable fees relating to the preparation of professional fee applications) without application to the Bankruptcy Court.

6.06    Release of Liens, Claims and Equity Interests. Except as otherwise provided herein or in the following sentence or in any contract, instrument, release or other agreement or document entered into or delivered in connection with the Plan, upon confirmation, all liens, claims, mortgages, deeds of trust, or other security interests against the property of the Debtor's estate shall be fully released and discharged. The existing liens and lien rights of those lenders holding claims in Class 1 and Class 2 are expressly preserved under the Plan, and their existing liens shall ride through and remain attached to any and all underlying collateral in any transfer of property expressly set forth in, or contemplated by, the Plan. To the extent any provision in this Plan or the Confirmation Order can be read to contradict the express preservation of lien rights in this provision, this provision controls.

6.07    Certificate of Incorporation and Bylaws. The articles of organization and bylaws (or other formation documents) of the Holding Company shall be amended as may be required to be consistent with the provisions of the Plan and the Bankruptcy Code or as otherwise required by, and in a form reasonably acceptable to, the Debtor. On or as soon as reasonably practicable after confirmation of the Plan, the reorganized Debtor shall file a new certificate of organization with the Nevada secretary of state, as required by section 1123(a)(6) of the Bankruptcy Code.

6.08    Effectuating Documents; Further Transactions. The Debtor may take all actions to execute, deliver, file or record such contracts, instruments, releases and other agreements or documents and take such actions as may be necessary or appropriate to effectuate and implement the provisions of the Plan.

6.09    Exemption from Certain Transfer Taxes. Pursuant to section 1146(a) of the Bankruptcy Code, any transfers of property pursuant to the Plan shall not be subject to any stamp tax or other similar tax or governmental assessment in the United States, and the confirmation order shall direct the appropriate state or local governmental officials or agents to forgo the collection of any such tax or governmental assessment and to accept for filing and recordation instruments or other documents pursuant to such transfers of property without the payment of any such tax or governmental assessment.

6.10    Revocation of Plan. The Debtor reserves the right to revoke or withdraw the Plan prior to the confirmation hearing and to file subsequent Chapter 11 plans. If the Debtor revoke or withdraw the Plan, or if confirmation does not occur, then: (1) the Plan shall be null and void in all respects; (2) any settlement or compromise embodied in the Plan, assumption or rejection of Executory Contracts or Unexpired Leases effected by the Plan and any document or agreement executed pursuant hereto shall be deemed null and void except as may be set forth in a separate order entered by the Court; and (3) nothing contained in the Plan shall: (a) constitute a waiver or release of any Claims by or against, the Debtor or any other entity; (b) prejudice in any manner

the rights of the Debtor or any other entity; or (c) constitute an admission, acknowledgement, offer or undertaking of any sort by the Debtor or any other entity.

6.11    Successors and Assigns.  The rights, benefits and obligations of any entity named or referred to herein shall be binding on, and shall inure to the benefit of, any heir, executor, administrator, successor or assign of such entity.

6.12    Reservation of Rights.  Except as expressly set forth herein, the Plan shall have no force or effect until the Court enters the confirmation order.  Neither the filing of the Plan, any statement or provision contained in the Disclosure Statement, nor the taking of any action by a Debtor or any other entity with respect to the Plan shall be or shall be deemed to be an admission or waiver of any rights of: (1) any Debtor with respect to the holders of claims or other entity; or (2) any holder of a Claim or other entity prior to the effective date of the Plan.

6.13    Further Assurances.  The Debtor or the reorganized Debtor, as applicable, all holders of Claims receiving distributions under the Plan and all other entities shall, from time to time, prepare, execute and deliver any agreements or documents and take any other actions as may be necessary or advisable to effectuate the provisions and intent of the Plan or the confirmation order.

6.14    Severability.  If, prior to confirmation of the Plan, any term or provision of the Plan is held by the Court to be invalid, void or unenforceable, the Court shall have the power to alter and interpret such term or provision to make it valid or enforceable to the maximum extent practicable, consistent with the original purpose of the term or provision held to be invalid, void or unenforceable, and such term or provision then will be applicable as altered or interpreted, _provided_ that any such alteration or interpretation must be in form and substance reasonably acceptable to the Debtor, and, to the extent such alteration or interpretation affects the rights or treatment of holders of unsecured claims, such claim holder.

6.15    Return of Security Deposits.  Unless the Debtor agree otherwise in a written agreement or stipulation approved by the Court, all security deposits provided by the Debtor to any person or entity at any time after the petition date shall be returned to the Debtor within twenty (20) days after the date of confirmation, without deduction or offset of any kind.

6.16    Filing of Additional Documents.  On or before the Effective Date, the Debtor may file with the Court all agreements and other documents that may be necessary or appropriate to effectuate and further evidence the terms and conditions hereof.

6.16    Captions.  The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan.

ARTICLE VII
DISCHARGE

**7.01 Discharge.**  Confirmation of this Plan does not discharge any debt provided for in this Plan until the court grants a discharge on completion of all payments under this Plan, or as otherwise provided in § 1141(d)(5) of the Code.  The Debtor will not be discharged from any debt excepted

from discharge under § 523 of the Code, except as provided in Rule 4007(c) of the Federal Rules of Bankruptcy Procedure.

Dated:   January 28, 2010

                                        Respectfully submitted,

                                        ANTHONY MOSLEY

                                        /s/ Antony Mosley